UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1779 JGB (DTBx)** | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Edward Benitez et al v. Ford Motor Company et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Motion to Remand (Dkt. 14); and VACATING the October 6, 2025 Hearing (IN CHAMBERS)

Before the Court is a Motion to Remand filed by Plaintiffs Edward Benitez and Anna Ustyan. ("Motion," Dkt. No. 14.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **DENIES** the Motion. The Court **VACATES** the hearing set for October 6, 2025.

## I. BACKGROUND

On May 13, 2025, Plaintiffs filed a Complaint in the Superior Court of the State of California for the County of Riverside against Defendant Ford Motor Company and Does 1-10. ("Complaint," Dkt. No. 1-2) The Complaint alleges five causes of action: (1) violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") Section 1793.2(d); (2) violation of the Song-Beverly Act Section 1793.2(b); (3) violation of the So Song-Beverly Act, breach of express warranty; (4) violation of the Song-Beverly Act, breach of implied warranty; and (5) violation of California Business and Professions Code Section 17200. (Id.)

On July 9, 2025, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) On August 8, 2025, Plaintiffs filed the instant Motion. (Mot.) Defendant opposed the Motion on September 8, 2025. ("Opposition," Dkt. No. 15.) Plaintiffs replied in support of the Motion on September 15, 2025. ("Reply," Dkt. No. 16.)

## II. FACTUAL ALLEGATIONS

On April 24, 2023, Plaintiffs purchased a new 2023 Ford Bronco automobile ("Subject Vehicle"). (Complaint ¶ 2.) The Subject Vehicle was manufactured and distributed by Defendant, and by express written warranties, Defendant promised against defects in the Subject Vehicle. (Id. ¶ 5.) Shortly after the purchase, the Subject Vehicle exhibited "numerous defects and nonconformities covered by the warranties which substantially impair the use, value and safety of the" Subject Vehicle. (Id. ¶ 6.)

Plaintiffs allege Defendant has "failed to begin repairs in a reasonable time and complete repairs on the [Subject Vehicle] within 30 days" in compliance with the applicable warranties. (Id. ¶ 8.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)) (internal quotation marks omitted). Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019). In contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020)) (internal quotation marks omitted). Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. Leite, 749 F.3d at 1122.

## IV. DISCUSSION

Plaintiffs move to remand because "Defendant does not appear to be able to meet its burden of proving that this Court has removal jurisdiction[.]" (Mot. at 3.) Plaintiffs do not

specify the deficiencies of Defendant's jurisdictional allegations in the Motion, but in the Reply, Plaintiffs argue Defendant does not meet the amount in controversy. (Mot.; Reply.) Plaintiffs dispute the purchase price of the vehicle used by Defendant and contest the inclusion of civil penalties. (Reply at 2–4.) Defendant asserts the amount in controversy exceeds $75,000.[1] (Opp. at 4–6.)

**A.      Actual Damages**

As an initial matter, Plaintiff appears to be making a factual attack on Defendant's jurisdictional allegations. (See Reply.) Accordingly, the Court considers evidence outside of the pleadings to assess whether Defendant supports its allegations by a preponderance of the evidence.

California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution "in an amount equal to the purchase price paid or payable by the buyer," reduced by that amount "directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Under California law, "[t]he amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem[.]" Cal. Civ. Code § 1793.2(d)(2)(C).

Defendant argues that a statutory repurchase would be $70,072.68, the total sale price of the car, as evidenced by the vehicle sales contract. (Opp. at 5; Dkt. No. 1-4.) Included in the price is: (1) $39,868.82, the amount financed; (2) $7,808.86, a finance charge; and (3) $22,395.00, Plaintiffs' downpayment. (Dkt. No. 1-4.)

Plaintiffs argue the total sale price of the car is incorrect because recovery "is limited to the actual payment amount to the seller," which, for Plaintiffs, is $37,216.94.[2] (Reply at 3.) Plaintiffs cite Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) to support this proposition. (Id.) However, Plaintiffs overlook that in Brady, the car in dispute was a leased vehicle, in which the plaintiff did not finance the car, and was only seeking the amounts paid under the lease. See Brady, 243 F. Supp. 2d. at 1008. Here, to cover the remaining balance after the down payment, Plaintiffs financed the car. (Dkt. No. 1-4.) Thus, Brady is not applicable.

Contrary to Plaintiffs' assertion, "California courts have held that 'actual price paid or payable,' includes all amounts plaintiffs became legally obligated to pay when they agreed to buy the [vehicle]." Godoy v. Jaguar Land Rover N. Am., LLC, No. 23-CV-03771-JCS, 2024 WL

---

[1] The parties do not dispute diversity of citizenship.

[2] This number encompasses Plaintiffs' downpayment of $22,395.00 and total payments made since August 8, 2023, at $662.19 each month.

4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 38 (2000)).  The 'actual price paid or payable' also includes finance charges.  Mitchell, 80 Cal. App. 4th at 38.  As such, the total sale price of the car is the correct starting point in calculating the amount recoverable for the Subject Vehicle.

Here, at the time of Plaintiffs' first attempt to repair, the odometer read 5,249.  (Dkt. No. 1-4.)  Thus, the actual damages at issue are $67,008.58.[3]

**B.    Civil Penalties**

"[C]ourts treat the Song-Beverly Act's civil penalties akin to punitive damages." Gonzalez v. Ford Motor Co., No. 2:25-cv-00523-WLH-JPR, 2025 WL 1166056, at *5 (C.D. Cal. Apr. 21, 2025) (citation modified).  "It is well established that punitive damages are part of the amount in controversy in a civil action."  Id. (citing Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001)).

Here, Plaintiffs explicitly seek "civil penalty of two times Plaintiffs' actual damages" in the Complaint.  (Dkt. 1-2 at 10.)  Accordingly, including civil penalties is proper in the amount in controversy.  See Gonzalez, 2025 WL 1166056, at *5 (collecting cases for the proposition that there is "good reason" to include "civil penalties at an amount up to twice Plaintiff's actual damages" where "Plaintiff has explicitly sought" in the Complaint).  A civil penalty twice the amount of Plaintiffs' actual damages, at a minimum, would be $134,017.46.[4]  Therefore, the Court finds the amount-in-controversy threshold is satisfied, and Defendant has met its burden for removal jurisdiction at this stage.  Thus, Plaintiffs' Motion is **DENIED**.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is **DENIED**.  The October 6, 2025 hearing is **VACATED**.

**IT IS SO ORDERED**.

---

[3] This is calculated by multiplying $70,072.68 by 5,249 divided by 120,000, which leads to an offset of $3,064.10. Hence, subtracting $3,064.10 from $70,072.68 yields the final number of $ 67,008.58.

[4] This is calculated by multiplying $67,008.58 by 2.